**Jane DOE (whose true name is confidential), Personal Representative of the Estate of John Doe (whose true name is confidential), deceased, Plaintiff Appellant,**

v.

**The AMERICAN NATIONAL RED CROSS, d/b/a American Red Cross Central South Carolina Chapter S.C. Regional Blood Services, Defendant Appellee.**

No. 92–1921.

United States Court of Appeals, Fourth Circuit.

Aug. 29, 1994.

ORDER OF CERTIFICATION

WIDENER, Circuit Judge.

TO: THE HONORABLE CHIEF JUSTICE AND JUSTICES OF THE SOUTH CAROLINA SUPREME COURT

*FACTS*

In April, 1984 Doe underwent surgery at the Baptist Medical Center in Columbia, South Carolina. During surgery Doe received transfusions of blood or blood products provided by American National Red Cross (Red Cross). Doe died in December, 1987, and an autopsy revealed that Doe had the AIDS virus. Believing that Doe had received a transfusion of HIV-contaminated blood during surgery in 1984, Mrs. Doe notified the Red Cross in January, 1988 that her husband had developed AIDS and died following a transfusion of blood provided by the Red Cross.

The Red Cross conducted a standard investigation and determined that the blood components of 24 donors were transfused into Doe. From its records the Red Cross determined that 16 of the donors had tested HIV negative when subsequently donating blood to the Red Cross more than six months after the implicated donation. The Red Cross then attempted to contact the remaining eight donors by mail at their last known address. Seven of these donors subsequently reported to the Red Cross and tested negative for HIV. The last donor did not respond to the letter, and further efforts to contact the donor were ineffective. The Red Cross then requested the assistance of the South Carolina Department of Health and Environmental Control (Department of Health), and the Department of Health both located and tested the last and twenty-fourth donor, revealing that the donor was HIV positive. The Department of Health then released this information to the Red Cross based upon its belief that the release was justified under S.C.Code Ann. § 44–29–135(c) and (d).[1]

In December, 1990 Mrs. Doe filed both a wrongful death action and a survival action, claiming that the Red Cross was negligent in its processing of the blood used for the trans-

---

**1.** Section 44–29–135 states in pertinent part:

All information and records held by the Department of Health and Environmental Control and its agents relating to a known or suspected case of a sexually transmitted disease are

fusion. During discovery Mrs. Doe served interrogatories on the Red Cross, requesting, among other things, the "[i]dentity of the blood donor whose blood donation was labeled blood number 36K04689, who is known to have tested positive for HIV." The Red Cross objected to the interrogatories. The Red Cross then moved for a protective order to safeguard the identity of the implicated blood donor.

In ruling upon the motions, the district court addressed whether the Red Cross had a privilege to refrain from disclosing the identity of the donor. Based upon Regulation 61–21(G)(2)(d) [2] promulgated by the South Carolina Department of Health, the district court held that the privilege created by § 44–29–135 extended to the Red Cross. Consequently, the district court denied Mrs. Doe's motion to compel discovery and granted the Red Cross's motion for a protective order. The Red Cross then filed a motion for summary judgment. Mrs. Doe, in response to the motion for summary judgment, conceded that without discovery from the implicated donor, she did not have sufficient evidence to proceed with her claims. After reviewing the argument presented by the Red Cross, the district court granted the motion for summary judgment.

### CONTENTIONS OF THE PARTIES

Mrs. Doe contends that she has access to the donor under *Watson v. Low-country Red*

Cross, 974 F.2d 482, 488–89 (4th Cir.1992), and that under *Doe v. Red Cross Blood Servs.*, 125 F.R.D. 646, 651 (D.S.C.1989) (unrelated) the privilege created by § 44–29–135 rests only with the Department of Health. As for Regulation 61–21(G)(2)(d), Mrs. Doe contends that the Department of Health exceeded its legislative authority by promulgating the regulation in response to *Doe's* interpretation of § 44–29–135 and imposing "strict confidentiality" on blood collectors.

The Red Cross contends that § 44–29–135 and Regulation 61–21(G)(2)(d) together establish a privilege that precludes disclosure of the donor information sought by Mrs. Doe. The Red Cross also contends that the Department of Health did not exceed its legislative authority in promulgating Regulation 61–21(G)(2)(d) and that the regulation is consistent with the legislative intent of § 44–29–135.

### QUESTIONS

Since the resolution of these contentions of the parties is a matter of South Carolina law, and it appears to us that there is not controlling precedent on point in the decisions of the Supreme Court or the Court of Appeals of South Carolina, and that the questions of South Carolina law may be determinative, in our opinion it is proper to certify to the

strictly confidential except as provided in this section. The information must not be released or made public, upon subpoena or otherwise, except under the following circumstances:

.  .  .  .  .

(c) release is made of medical or epidemiological information to the extent necessary to enforce the provisions of this chapter and related regulations concerning the control and treatment of a sexually transmitted disease;
(d) release is made of medical or epidemiological information to medical personnel to the extent necessary to protect the health or life of any person. . . .

**2.** Regulation 61–21(G)(2)(d) states in pertinent part:

If a person infected with HIV, Hepatitis B or syphilis informs the Department, or the Department learns, that he/she has, during a period of probable infection, donated or sold blood, semen, tissue, organs or other bodily fluids determined to be infectious by the Department, the Department may disclose or release the name of the donor only to the entity which collected the infected blood or body product. The information may be given to the collecting entity to protect the recipient and/or the blood or body product supply. The entity which collected the blood or body product must not release to any other person the information identifying the donor provided by the Department and such information must be kept strictly confidential.

Supreme Court of South Carolina for decision the question in this case under S.C.App. Ct.R. 228.

Under South Carolina law, do § 44–29–135 and Regulation 61–21(G)(2)(d) create a discovery or evidentiary privilege in blood collectors to deny access to a donor? [3]

This certification is made with the concurrences of Judge WILKINSON and Judge HILTON.

3. If a state law privilege does exist, then we must determine whether or not to apply it in the circumstances of this case.